[No. 9.  Third Appellate District.—June 7, 1905.]

## JOHN SMITH, Respondent, v. M. P. ROBERTS, Respondent; EDWARD S. HICKS, Appellant.

STATE SWAMP LANDS—CONTEST OF RIGHT TO PURCHASE—INTERVENTION BY SETTLER.—Upon a contest of the right to purchase state swamp land, one not a party to the action, who was for a year previous to the time of his application to purchase a settler on the land, which he claims to be fit for cultivation, might intervene before judgment, under the provisions of section 387 of the Code of Civil Procedure, but not after judgment.

ID.—MOTION TO SET ASIDE JUDGMENT FOR INTERVENTION—CONSTRUCTION OF CODE.—Under section 473 of the Code of Civil Procedure only a party to the action or his legal representative can move to set aside a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect; and that section does not authorize a motion thereunder by one who failed to intervene before judgment to obtain the right of intervention after judgment to test his right to the land in controversy.

ID.—NEGLECT OF SETTLER—KNOWLEDGE OF ADVERSE CLAIMS.—Where it appears that before the commencement of the action the settler knew that there were other claimants of the land, and had been notified by the surveyor-general of the reference of their claims for contest, it was his duty to look after his rights by intervention pending the action.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order refusing to vacate and set aside the judgment and denying leave to intervene. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

Ernest Sevier, and Denver Sevier, for Appellant.

Appellant's rights as an actual settler were protected by the constitution and the law. (Const., art. XVII, sec. 3; *Fulton* v. *Brannan*, 88 Cal. 454, 26 Pac. 506; *Goldberg* v. *Thompson*, 96 Cal. 117, 30 Pac. 1019; *Belcher* v. *Farren*, 89 Cal. 73, 26 Pac. 791.) One not a party who has an interest to protect may apply to set aside a judgment affecting his rights. (*People* v. *Hektograph* Co., 10 Abb. N. C. 358; *Gould* v. *Mortimer*, 26 How. Pr. 167; *Kellogg* v. *Howell*, 62 Barb. 280; *Brettell* v. *Deffebach*, 6 S. Dak. 21, 60 N. W. 167; 17 Am. & Eng. Ency. of Law, 2d ed., p. 839; *People* v. *Grant*, 45 Cal. 97; *Pignaz* v. *Burnett*, 119 Cal. 157, 51 Pac. 48; *People* v. *Walker*, 132 Cal. 142, 64 Pac. 133.)

George D. Murray, for Respondent.

There could be no intervention after judgment. (Code Civ. Proc., sec. 387; *Baines* v. *West Coast Lumber Co.*, 104 Cal. 1, 37 Pac. 767.) Section 473 of the Code of Civil Procedure does not apply to an intervener who is not a transferee. (*People* v. *Mullan*, 65 Cal. 396, 4 Pac. 348; *Crescent Canal Co.* v. *Montgomery*, 124 Cal. 134, 56 Pac. 797; Freeman on Judgments, sec. 91; 15 Ency. of Plead. & Prac., 249; *Brettell* v. *Deffebach*, 6 S. Dak. 21, 60 N. W. 167.)

BUCKLES, J.—The appeal is from the judgment and from the order denying the motion of Hicks to vacate and set aside the judgment and denying to said Hicks permission to intervene.

The action is one brought under section 3414 of the Political Code for the purpose of deciding conflicting claims of the plaintiff and the defendant to purchase from the state certain swamp and overflowed lands near the town of Arcata, in Humboldt County.

The judgment was rendered September 16, 1901. Motion to set aside judgment and to permit the said Edward S. Hicks to intervene was made on December 5, 1901, and denied on the eleventh day of January, 1902. Said Hicks was a settler on the land, and claims he tried to file an application with the surveyor-general of California to purchase said land, but was prevented from doing so by the surveyor-general informing him that there was then a contest pending. The plaintiff had

filed an application prior to the attempt of the said Hicks to file.   One or two other parties had also filed prior to the time when Hicks forwarded his application.

There is no question that appellant might have intervened before judgment, under the provisions of section 387 of the Code of Civil Procedure, as he alleges he was at the time of, and for a year previous to the time of, making his application to purchase, a settler on said land, and the land was suitable for cultivation.   (*Fulton* v. *Brannan,* 88 Cal. 454, [26 Pac. 506] ; *McNee* v. *Lynch,* 88 Cal. 519, [26 Pac. 508].)

But unless there is some way by which the judgment can be set aside there is now no way for appellant to intervene. He claims that under the provisions of section 473 of the Code of Civil Procedure he should have the judgment set aside for the purpose of allowing him to intervene.   The provision is : "The court may, in furtherance of justice, . . . also upon such terms as may be just, relieve a *party or his legal representative* from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect."   But appellant was neither a party nor the legal representative of a party to the action.   His contention is, however, that being a settler on the land which has become fit for cultivation, and thereby having a right to purchase superior to other claimants under sections 2 and 3 of article XVII of the constitution, he has such right in the subject of the litigation as will permit him to have the judgment set aside for the purpose of allowing him to intervene to test his right, and cites the following authorities to sustain that contention.

*Brettell* v. *Deffebach,* 6 S. Dak. 21, [60 N. W. 167].   In this case Milliken, the mover, was not a party to the action, but was assignee of one of the defendants of the lands which furnished the subject of the action.   The judgment was taken by default against his assignor, and he was permitted to have the judgment set aside.   But it will be observed that he had succeeded to the interests of the defendant in the action.

*Kellogg* v. *Howell,* 62 Barb. 280.   Defendant Howell was adjudged a bankrupt on August 23, 1871.   There was an existing mortgage on his land and the land sold by the sheriff on foreclosure decree to the plaintiff Kellogg on January 20, 1872, for the sum of $2,107.   The assignee of the bankrupt,

under an order in the bankrupt proceedings, had sold the land the day before, or the equity of redemption, for the sum of $1,410, to Easton. In February Easton conveyed by deed to O'Donnell, and O'Donnell then moved to set aside the mortgage sale of January 20, 1872. No order had been made confirming the mortgage sale. It will thus be seen that O'Donnell was the holder of the equity of redemption of the land for which he had paid $1,410, and had, therefore, such a right, or such a standing, the court held, as to the equity of redemption as would enable him to invoke the equity power of the court over the judgment and sale. In *Gould* v. *Mortimer*, 26 How. Pr. 167, the action was a foreclosure of mortgage, and the moving party, not a party to the action, was the owner of the equity of redemption by purchase from the mortgagor, and sought to have set aside a sale of the premises made pursuant to a decree of foreclosure of said mortgage. The court heard his motion and set aside the sale, remarking that "Every person whose rights are injuriously affected by the judgment or proceedings under it has the right to move the court to set aside or amend them, although he is not a party to the suit."

Freeman on Judgments is also cited as authority on the proposition that any one who is interested in the subject-matter of the suit can move to have the judgment set aside, but the instances given by that author are all in a line with the ones just quoted, and we think none of the authorities apply to a case like the one under consideration. Whatever right the appellant had to the land in this suit he had before and when the suit was commenced, and he had his remedy. His first duty was to prepare and file with the surveyor-general an application to purchase. This he claims to have done, but the surveyor-general refused to receive or file his application, and returned it to him, assigning his reasons for not filing it, that the lands applied for were covered by application No. 3,556 filed June 14, 1901, by M. P. Roberts, and stating also that the same had been referred to the superior court of Humboldt County for adjudication. The matter was on July 9th again referred to the superior court of Humboldt County, and suit was not commenced thereon until August 31st. It thus appears that long prior to the action being brought appellant knew there were other claimants to pur-

chase said land and that they were moving to perfect their claims, and was notified by the surveyor-general that the whole matter had been referred to the court for adjudication. The action, when commenced, was of some notoriety, comments being made in the public press concerning it. With the knowledge he had it was his business and his duty to look after his rights. He took no steps to contest the claims of the others, and it surely does not appear that he was kept in ignorance of his rights by any act of fraud on the part of any one. It is true the plaintiff exercised all the haste he could in filing and thereafter went about in a somewhat deliberate way in perfecting his claim. The victory is not always to the strong, but sometimes to the vigilant as well. It is true, as counsel say, there is never a wrong without its remedy, but a remedy to be available must be pursued within its lifetime. Time and neglect often destroy the right to pursue a sufficient and proper remedy. So in this case the appellant neglected to take advantage of this particular remedy open to him when it was proper to do so.

We know of no rule in the state of California which will permit a person not a party to the action nor the successor in interest of a party to the action, to come in after judgment and have the judgment set aside for the sole purpose of allowing him to intervene that he may contest a right to the property which was the subject of the action.

The judgment and order appealed from are affirmed.

McLaughlin, J., and Chipman, P. J., concurred.