[Civ. No. 12592. First Dist., Div. One. Mar. 8, 1944.]

GABRIEL LAVAYSSE et al., Petitioners, v. THE SUPE-
RIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent.

Edmund J. Holl for Petitioners.

Edgar C. Levey and Marcus Lorne Samuels for Respondent.

KNIGHT, J.—The petitioners herein are husband and wife, and were parties to a divorce action brought by the wife and subsequently dismissed by her with the written consent of her attorney. By this proceeding in certiorari they seek to have annulled two orders of the superior court made subsequent to the dismissal of the action, granting two motions presented by the wife's attorney in his own behalf. One was a motion to vacate the dismissal of the action, and the other was for the allowance of additional attorney's fees. It is evident that the validity of the second order depends upon the validity of the first.

The following are the essential facts: On May 28, 1943, pursuant to citation issued at the commencement of the action and on stipulation of the parties, an order was made directing the husband to pay to his wife monthly alimony pendente lite and costs, and to her attorney a fee of $125 on account. The husband fully complied with the terms of the order, and the wife's attorney received the $125. Soon thereafter and pending a property settlement the parties became reconciled, whereupon the wife and her attorney joined in filing a written request for the dismissal of the action; and in conformity therewith the action was dismissed by entry in the clerk's register. About six weeks later the wife's attorney, in his own behalf, gave notice that he would move to set aside the dismissal, and for the allowance of additional attorney's fees. The motion to set aside the dismissal was made under the authority of section 473 of the Code of Civil Procedure, and as shown by the attorney's supporting affidavit the basis of the motion was that prior to the filing of the request for dismissal the wife, in behalf of herself and her husband, had promised to pay him an additional fee of $100 for additional services rendered, and that after the entry of the dismissal she repudiated the promise. Meanwhile and before giving notice of said motions the wife's attorney, through an assignee, brought an action in the municipal court

against the wife and her husband to recover the $100. Petitioners, by way of a motion to strike, objected to the hearing of the motion to set aside the dismissal, and at the same time the wife filed an affidavit denying having promised to pay an additional fee. As the result of the hearing of the motions, at which oral testimony was introduced, the trial court denied petitioners' motion to strike, granted the attorney's motions, and fixed the amount of his additional fee at $125. The municipal court action was then dismissed; and pursuant to an execution issued by the superior court the additional fee of $125 was collected by the sheriff and paid to the attorney. Thereupon petitioners brought this proceeding.

The ground upon which they seek to have the first order annulled is that the attorney was not a party to the action; that prior to the making of the motion to vacate the dismissal he ceased to have any interest whatever, personal or otherwise, in the subject matter of the action; and that therefore the trial court was without jurisdiction to entertain or grant the motion.

We are of the opinion that the position so taken by petitioners must be sustained. To quote from the decision of the Supreme Court in *Difani* v. *Riverside County Oil Co.*, 201 Cal. 210 [256 P. 210]: "It is settled that one who is not a party to a proceeding may not make a motion therein. (*Estate of Aveline*, 53 Cal. 259; *Bennett* v. *Wilson*, 122 Cal. 509, 514 [68 Am.St.Rep. 61, 55 P. 390]; *United States Bank* v. *Kendall*, 179 F. 914.) As stated in the opinion in the latter case, 'It is a recognized rule of legal procedure that no one not a party to the action, without any disclosed interest in the result thereof, can be permitted to thrust himself into the controversy by filing any character of pleading therein. . . .' " Furthermore, that portion of section 473 of the Code of Civil Procedure which the attorney sought to invoke as the legal authority for his motion to vacate the dismissal, is, by express provision, made available only to a party to the action or his legal representative. (*Smith* v. *Roberts*, 1 Cal.App. 148 [81 P. 1026].) It reads: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him. . . ." Here the attorney was not a party nor the legal representative of a party to the action, nor at the time he made

his motion to set aside and vacate the dismissal did he have any personal interest in the subject matter of the action, for whatever interest he may have acquired therein by virtue of section 137.5 of the Civil Code upon the making of the order of May 28, 1943, allowing him the original fee of $125, was definitely and completely terminated by the payment to him of that fee and the subsequent filing by him of his written consent to the dismissal of the action. Conceding, as he claimed, that prior to the filing of the request for the dismissal, the wife promised to pay him an additional $100 for services rendered subsequent to the payment of the first fee, he could easily have enforced such promise by refusing to join in the written request for the dismissal until the promise was fulfilled, in which event no valid dismissal could have been entered without an order of court. (Sec. 581, Code Civ. Proc.) But instead of adopting that course he elected to join in the request for the dismissal, and afterwards sue upon the promise in case it was breached; and having elected so to do he thereby not only terminated any personal interest he may have had in the subject matter of the action but also his relationship as an attorney therein.

Respondent cites cases holding that where an order has been made in a divorce action allowing alimony pendente lite and counsel fees, and the terms of the order have not been complied with, the subsequent voluntary dismissal of the action by either or both of the parties does not deprive the trial court of jurisdiction to enforce the terms of its order by means of contempt proceedings. (*In re Larrabee,* 29 Cal. App.2d 240 [84 P.2d 224] ; *In re Robbins,* 212 Cal. 534 [299 P. 51].) But those cases are not in point here for the reason that here, prior to the dismissal, there was full compliance with the terms of the order. Other cases are cited wherein for different reasons dismissals have been set aside on motion of one of the parties to the action; but no case has been brought to our attention wherein it has been held that a voluntary dismissal of this type may be set aside on motion of the attorney for one of the parties acting in his own behalf.

Respondent points out that the order setting aside the dismissal contains a finding that the dismissal was filed ''pursuant to a fraud committed and practiced upon counsel and the court by the plaintiff herein, all as set forth in the [attorney's supporting] affidavit''; and it is contended that this finding alone is legally sufficient to sustain the trial court's

order. There is no merit in the contention. Fraud was not specified as a ground of the motion; nor was any claim of fraud made in the attorney's supporting affidavit. Nowhere therein were the words "fraud" or "fraudulent" mentioned. It merely charged the breach of an oral promise to pay him an additional fee. And clearly there could have been no fraud practiced on the trial court for the reason that the court had nothing whatever to do with the dismissal. As stated, it was entered by the clerk of the court in the clerk's register pursuant to plaintiff's written request consented to by the attorney.

Nor are we able to agree with respondent's contention that the order vacating the dismissal of the action is "a special order made after final judgment" and therefore appealable, for the reason that under the procedure set up by section 581 of the Code of Civil Procedure no judgment, final or otherwise, is necessary to a dismissal by a plaintiff with the consent of his or her attorney; nor was a judgment of any sort entered herein. Under the provisions of the statute the dismissal became effective at once upon the making of the entry in the clerk's register in conformity with the written request of the plaintiff, consented to by her attorney. Formerly the statute provided that in dismissals of this type, upon the entry of the dismissal in the clerk's register, "judgment may be entered accordingly"; and in construing that portion of the statute as it then stood it was held that an action was still pending and that the court did not lose jurisdiction of the case until the entry of a judgment of dismissal. But the provision just quoted was eliminated by amendment in 1895 and the rule since then has been that the mere entry of the order upon the clerk's register is sufficient to effect a dismissal. (9 Cal.Jur. 515.) In so holding the court in *Hopkins* v. *Superior Court,* 136 Cal. 552 [69 P. 299], said: ". . . we think the change in the statute was designed to be, and is in fact, a substantial change. No judgment is any longer required to be entered. The mere entry of the order upon the clerk's register of actions is sufficient, and, as was said in effect in *Page* v. *Superior Court,* above quoted, [76 Cal. 372 (18 P. 385)] the only jurisdiction left in the court upon this showing was the jurisdiction to order the clerk to make the proper entry. (*Kaufman* v. *Superior Court,* 115 Cal. 152 [46 P. 904].)'' Section 581 as it now stands goes on to provide that

when written consent of the attorney of record to the dismissal is *not* filed, the dismissal "must be made by order of the court entered upon the minutes thereof." But that situation is not here involved. The written consent of the attorney was filed. We are of the opinion, therefore, that under the circumstances above set forth the petitioners were entitled to invoke the remedy of certiorari.

One of the allegations of the petition was "that unless said order setting aside the dismissal is set aside and annulled . . . it will be enforced against your petitioners in a writ of execution provided by law"; whereas the transcript of the superior court proceedings subsequently filed herein revealed that more than two weeks prior to the date on which the certiorari proceeding was instituted an order was made and filed in the superior court directing the issuance of an execution and that the next day the sheriff levied the same on petitioners' bank account, collected the amount of money due thereunder and paid it to plaintiff's attorney in satisfaction of the order theretofore made allowing the additional fee. In view of these facts, respondent moved for a dismissal of the certiorari proceeding on the ground that it presents a moot question.

The motion to dismiss must be denied. The paramount issue presented by the certiorari proceeding is the one relating to the validity of the order vacating the dismissal. As stated, that order was granted pursuant to a separate motion, and the obvious effect of the order was to re-open and leave open the action for divorce. Clearly, therefore, the parties to the divorce action are entitled to an adjudication of the validity of that order regardless of whatever proceedings may have been taken thereafter as to the allowance and collection of the additional fee. It does not follow, however, from the denial of the motion to dismiss, that petitioners are entitled as a matter of law to restitution of the additional fee; nor should the decision herein be interpreted as so holding. Certainly no order to that effect may be made by the superior court for the reason that its jurisdiction ended with the entry of the dismissal in the clerk's register. Nor in any action for money had and received would petitioners be entitled to recover the amount of additional fee upon a showing merely that the attorney received it under proceedings which were afterwards declared void, for such an action is in its nature an equitable one, the basis of which is that the defendant has

money which in equity and good conscience he ought to pay to the plaintiff (17 Cal.Jur. pp. 602, 603) ; in other words, ". . . it is a defense that the defendant has no money which in equity and good conscience belongs to the plaintiff." (17 Cal.Jur. p. 621.) Here, laying aside for the moment the jurisdictional question, the record discloses evidence which was amply sufficient to support the trial court's allowance of the additional fee. It shows that subsequent to the payment of the original fee and prior to the reconciliation plaintiff's attorney performed additional services in negotiating and preparing a draft of a property settlement agreement which was satisfactory to all parties; and that at the time plaintiff notified him of her desire to dismiss the case she agreed to pay him and at that time he agreed to accept the sum of $100 as compensation for the additional services so rendered. It further shows that after he had prepared the written request for dismissal and signed it, plaintiff promised and agreed that if he would file it she would pay him the fee the next day; that relying on the good faith of her promise and agreement he filed the request, but the next day plaintiff repudiated her promise and agreement. It is apparent, therefore, that notwithstanding the invalidity of the proceedings pursuant to which the additional fee was allowed and paid, said attorney will be entitled to urge as a defense in any action which may be brought against him for money had and received, that in equity and good conscience petitioners are not entitled to recover back the fee.

The motion to dismiss is denied and the order setting aside the dismissal of the action and all proceedings had subsequent thereto are annulled.

Peters, P. J., and Ward, J., concurred.