[Civ. No. 19480.    Second Dist., Div. One.    July 8, 1953.]

ALMA PAULINE SCHWARTZ, Plaintiff and Respondent, v. BERNARD SCHWARTZ et al., Defendants and Respondents; HUSTON T. CARLYLE, Intervener and Appellant.

Huston T. Carlyle, in pro. per., for Appellant.

Alma Pauline Schwartz, in pro. per., for Plaintiff and Respondent.

Hahn, Ross & Saunders for Defendant and Respondents.

SCOTT (Robert H.), J. pro tem.—This is an appeal from the judgment pursuant to order striking appellant's complaint in intervention.

Plaintiff Alma Pauline Schwartz brought suit against defendant Bernard Schwartz for divorce and for custody of their two children. Appellant is the attorney of record for Mrs. Schwartz. After various legal proceedings and expenditure of time and effort by appellant, the parties to the divorce case became reconciled. Mrs. Schwartz instructed appellant as her attorney to dismiss the case, and told him that she and her husband "will continue to pay you as per court order." Two weeks later appellant prepared his complaint in intervention, naming his own client, Mrs. Schwartz, and Mr. Schwartz as defendants, setting out that he had incurred costs and earned fees but had only received $150; that the parties defendant, Mr. and Mrs. Schwartz, had conspired to deprive him of his fees and costs; that he was entitled to additional fees and also because of their fraud and malice that he was entitled to $600 punitive damages. Appellant further alleged on information and belief that "Plaintiff (appellant) has certain property rights in the divorce proceedings herein mentioned insofar as the question of attorney's fees and court costs are therein in issue." After certain other allegations as to financial detriment to himself that he could foresee if the case were dismissed he concludes:

"With this end in view, Plaintiff respectfully suggests to this Honorable Court that an Order be made reserving jurisdiction in the above entitled Court until such time as Plaintiff may obtain a judicial determination of his rights as to the premises and issues herein set forth relative to attorney's fees and court costs earned and accrued by Plaintiff, and for which Defendants may be jointly and severly liable from the date of filing the Complaint for Divorce in the above entitled and numbered action and including June 18, 1952; and Plaintiff further respectfully suggests that if a dismissal is authorized by this Honorable Court of the aforesaid divorce action, that said dismissal be conditioned upon the fact that

Defendants and each of them first pay to Plaintiff such attorney's fees and court costs and punitive damages in the total sum of $1,350.00, or to give adequate security for payment of any such additional fees, court costs and punitive damages, and for such other and further adequate relief as to this Honorable Court may seem just and equitable in the premises.''

This proposed complaint in intervention was presented to one of the commissioners of the trial court who approved it for filing. This order by the commissioner doubtless was inadvertently made.

■ The fact that such approval was given by a commissioner in no way precluded the making by the reconciled couple of a motion to strike the complaint in intervention. (Code Civ. Proc., § 937; *Alpers* v. *Bliss,* 145 Cal. 565, 572 [79 P. 171]. See, also: *Bryant* v. *Superior Court,* 16 Cal. App.2d 556 [61 P.2d 483] ; *Metropolitan etc. Co.* v. *Margulis,* 38 Cal.App.2d 711 [102 P.2d 459].) We find nothing in the case of *Townsend* v. *Driver,* 5 Cal.App. 581 [90 P. 1071], or the other cases cited by him, which in any manner fortifies the position of appellant in resisting the trial court's order striking his complaint in intervention.

■ At any time before trial, any person who has an interest in the matter in litigation or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. (Code Civ. Proc., § 387.) The interest here referred to must be direct and not consequential, and it must be an interest which is proper to be determined in the action in which the intervention is sought. It must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. (*Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 661, 663 [91 P.2d 599].)

■ ''. . . the cases are and should be very rare when an attorney is authorized to intervene in an action instituted by him in behalf of his client for the purpose of settling a dispute between him and his client as to his attorney's fee for services rendered in the same action. They should be limited at least to those actions wherein, by virtue of the contract of employment between the attorney and client, the former is given a specific present interest in the subject matter of the action, which interest might be jeopardized by the client's discharge of his original attorney and the employment of other

attorneys to prosecute the action." (*Kelly* v. *Smith*, 204 Cal. 496, 500 [268 P. 1057].)

Appellant had no right to refuse to follow his client's instruction to dismiss the case and then to assume a position hostile to his own client. Public policy favors the home and normal parenthood and not the disruption and distress which are inherent in the broken home. Nowhere in the record does it appear that appellant seeks to be relieved of his obligation as attorney for Mrs. Schwartz or to have that relationship ended, although Mrs. Schwartz has appeared in propria persona in opposing appellant's complaint in intervention. While still her attorney of record he filed the complaint in intervention and prosecutes this appeal asking not only compensation for work done and repayment for money expended, but *punitive damages*. It is one of the occupational hazards of an attorney, in handling domestic relations matters, that time and attention may be devoted to such a case, that emotional stress may be shared with a client and when the maximum good is accomplished in the reconciliation of the parties that the attorney may receive a minimum fee. (See *Kelly* v. *Gross* (Tex.Civ.App.), 293 S.W. 325.) Nevertheless, the appellant clearly had no right to file his complaint in intervention in this case and the order of the trial court was correct.

Order and judgment pursuant thereto affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied August 4, 1953.