[Civ. No. 5325. Fourth Dist. Apr. 11, 1956.]

KATHLYN J. FIELDS, Plaintiff, v. ALBERT ELMO POTTS, Respondent; JAMES A. GARDNER, Appellant.

James A. Gardner, in pro. per., for Appellant.

Siemon & Siemon for Respondent.

GRIFFIN, J.—Plaintiff Kathlyn J. Fields brought an action against defendant Albert Elmo Potts, doing business as "Potts' Back Door," to recover, in her first cause of action, $300 claimed due on a promissory note which provides for reasonable attorneys' fees in case suit was instituted to collect it. The second, third and fourth causes of action alleged money due from defendant to plaintiff in the sum of $2,904. Defendant answered, claimed the note had been paid, and denied that any money was due plaintiff on the remaining causes of action.

█ It appears that prior to filing said action petitioner James A. Gardner, as attorney for plaintiff, secured from her an agreement in writing by which Gardner agreed to act as plaintiff's attorney in a contemplated divorce action, and to sue on the promissory note and other causes of action. It recites: "It is mutually agreed that client will pay to attorney, and client hereby assigns to attorney forty (40) per cent of the amount collected on said claims, and attorney is hereby granted a lien on said claims and any judgment recovered therefor and on his papers herein." It was further recited that "this agreement goes through trial in the trial court," and that the parties would not compromise or settle the claims except by mutual consent and neither party should be obligated to advance costs if he or she did not choose to do so.

Before trial petitioner, appearing in propria persona, petitioned the court to allow him to intervene in said action alleging that on October 21, 1954, plaintiff instructed petitioner, as her attorney, to take no further legal action in her case against defendant Potts; that since said date petitioner urged her to allow him to continue to prosecute the action and upon her refusal he demanded 40 per cent of the amount claimed due; that he believes plaintiff is insolvent and that defendant and plaintiff have conspired to deprive petitioner of his interest in plaintiff's claim against defendant. A proposed complaint in intervention was presented with said petition, setting forth the facts above alleged. Upon the hearing only counsel for defendant appeared to oppose the motion. Petitioner appeared in propria persona in support of it. After the petition was denied petitioner

appealed and claims in his brief that he was entitled to intervene as a matter of right because he is a necessary party to and has a direct interest in the subject matter of the suit; that the rules pertaining to fraud and collusion allow such procedure and that defendant Potts does not have sufficient standing in court to object to petitioner's intervention, citing such authority as 39 American Jurisprudence, page 936, section 63; 67 American Law Reports 442; section 387, Code of Civil Procedure; *High Point Casket Co.* v. *Wheeler,* 182 N.C. 459 [109 S.E. 378, 19 A.L.R. 391]; *Kellogg* v. *Winchell* (1921), 273 F. 745 [51 App.D.C. 17, 16 A.L.R. 1159]; 128 A.L.R. 581; 19 American Law Reports 391, and cases cited therein.

Defendant has not filed a brief but unfairly stands content to place the burden of research upon this court. He apparently relies upon the case of *Kelly* v. *Smith,* 204 Cal. 496 [268 P. 1057], as controlling. In that action it was held that the cases where an attorney is authorized to intervene in an action instituted by himself in behalf of his client for the purpose of settling a dispute between him and his client as to his attorney's fees for services rendered in the same action should be limited at least to those actions wherein, by virtue of the contract of employment between the attorney and client, the former is given a specific present interest in the subject matter of the action, which interest might be jeopardized by the client's discharge of his original attorney and the employment of other attorneys to prosecute the action, in which class of cases the attorney has a contract coupled with an interest under which the client is powerless to discharge him. It was there said:

"We think the cases are and should be very rare when an attorney is authorized to intervene in an action instituted by him in behalf of his client for the purpose of settling a dispute between him and his client as to his attorney's fee for services rendered in the same action. They should be limited at least to those actions wherein, by virtue of the contract of employment between the attorney and client, the former is given a specific present interest in the subject matter of the action, which interest might be jeopardized by the client's discharge of his original attorney and the employment of other attorneys to prosecute the action." (Citing cases.)

The real question then arises whether the agreement pleaded resulted in a "contract coupled with an interest under which the client is powerless to discharge him." The court was justified in interpreting the written agreement to mean that for

representing the plaintiff in a divorce proceeding and prosecuting this action on the promissory note and oral contracts or claims for money due, plaintiff would pay her attorney, petitioner herein, by way of assignment of 40 per cent of the "amount collected on said claims." It does not affirmatively appear that plaintiff thereby intended to assign a 40 per cent interest in the promissory note, but only 40 per cent of the amount collected. The same is true as to the claims. It does not thus far appear that petitioner had, before recovery, such an interest therein as may be described as a "specific present interest in the subject matter of the action," which interest might be jeopardized by the discharge of such attorney and the employment of other attorneys to prosecute it.

The remaining portions of the agreement, i. e., that "the attorney is hereby granted a lien on said claims and any judgment recovered therefor" clearly contemplates a lien on the ultimate amount determined to be due by the judgment obtained and upon the amount collected on said claims. This added provision would not bring petitioner within the exception to the general rule.

In *O'Connell* v. *Superior Court,* 2 Cal.2d 418 [41 P.2d 334, 97 A.L.R. 918], the cases, in reference to the power coupled with interest, are fully discussed. It was there held that to have a power coupled with an interest, so as to be irrevocable, there must be a specific present and coexisting interest in the subject of the power or agency, the existence of which must be determined from the entire agreement between the parties, and not merely an interest in that which is to be produced by the exercise of the power. It was there said that the interest in the *proceeds* of what may be collected is not, strictly speaking, a beneficial interest in the legacies. The interest is nothing more than the assurance that the attorney-in-fact will be reimbursed and compensated out of the legacies when collected. In that case the agreement under discussion, which appeared to be more of an attempt than this one to assign to the attorney as his compensation an interest in the subject matter, the court said:

"The contract of employment involved in the present case, and set forth above, cannot, when construed as a whole, be said to transfer and assign to the attorney a present and coexisting interest in the subject of the agency or power even though a particular paragraph thereof, to be hereinafter referred to, contains some language purporting to accomplish this result."

It was there held that it was clear from the intention of the parties there expressed that the attorney was to have a one-half interest in the "proceeds" derived from the exercise of the power, and that it did not create a present interest in the legacies, and accordingly the agency or power was revocable.

Some exception is made in reference to fraud or collusion on the part of the parties to the action to settle the same for the purpose of depriving petitioner of his compensation and costs. It appears to be the weight of authority, as indicated in 67 A.L.R. 443, that if, under the particular circumstances and statutory provisions, an attorney does not have a lien for compensation for his services on the suit or cause of action, he will not be allowed to proceed with the action for the protection of his compensation or fees, after the parties thereto have in good faith, and without any intent of depriving the attorney of his fees, compromised or settled the cause of action before judgment. However, it is said, at page 462, that where fraud or collusion is properly shown "the weight of authority supports the proposition that . . . such attorney will be allowed to proceed or continue with the action to the extent of his interest; in other words, he will be allowed to intervene and prosecute the action to judgment in his own behalf, notwithstanding the settlement, for the purpose of protecting his compensation."

Here, petitioner avers in his unverified notice of motion for leave to intervene, as grounds for such intervention, that plaintiff failed to prosecute said action with diligence; that he now owns a present, existing, and vested interest in the claim sued upon and that "it appears that plaintiff and defendant have conspired to deprive petitioner of his interest in said claim by nonprosecution and otherwise." In his verified petition presented with said motion he alleges he has been ready, able and willing to represent plaintiff in the prosecution of said claims; that on October 21st, 1954, plaintiff instructed him to take no further legal action in the case and maintained said instructions in force since then; that he urged plaintiff on several occasions to allow him to continue with the prosecution; that he demanded the payment of the equivalent of the sum of 40 per cent of the amount alleged to be due; that plaintiff failed and refused to pay petitioner any sum whatsoever. He then alleged *on information and belief* that plaintiff was insolvent and that she and defendant had conspired to deprive petitioner of his interest in plaintiff's

claim against defendant and that his interest can only be protected by prosecution of the action by him. As heretofore stated, the court might well have found that petitioner, contrary to his claim, did not have a present existing and vested interest in the claim sued upon. Defendant claimed the note had been paid and denied the allegations that plaintiff had advanced any money to him. There is no showing, other than the conclusions of petitioner, that defendant and plaintiff ever conspired to defraud petitioner of his attorney's fees. (Pen. Code, § 182.) The claimed refusal of plaintiff to further prosecute the action may have been due to reasons other than an attempt to defraud petitioner of his attorney's fees. The evidence pertaining to the alleged fraud or conspiracy is predicated mainly on information and belief and conclusions of the pleader. The court was justified in believing that petitioner did not present sufficient evidence of a conspiracy or fraud between plaintiff and defendant to defraud him of his claimed attorney's fees.

The claim that defendant had no right to object to the petition for intervention appears to be without merit. ■ When there is no sufficient showing the trial court is authorized to deny the petition without objections on the part of any person. The court is not bound to grant a petition for intervention merely because no one objects to it, or the party objecting is not so authorized, otherwise there could be unjustified interlopers in every lawsuit.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied May 9, 1956, and appellant's petition for a hearing by the Supreme Court was denied June 6, 1956.