[Civ. No. 24600.   Second Dist., Div. Two.   May 3, 1960.]

DAVID N. MARSHANK, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LESTER WILLIAM ROTH, Real Party in Interest.

[Civ. No. 24596.   Second Dist., Div. Two.   May 3, 1960.]

BEATRICE Z. MARSHANK, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LESTER WILLIAM ROTH, Real Party in Interest.

Shaw & Miller and Leslie & Bernson for Petitioners.

Harold W. Kennedy, County Counsel, William E. Lamo-reaux, Assistant County Counsel and Edward A. Nugent, Deputy County Counsel, for Respondent.

James P. Del Guercio for Real Party in Interest.

KINCAID, J. pro tem.*—Petitioners by separate but similar petitions apply for a writ of prohibition to prohibit respondent court from hearing an order to show cause *in re* attorney's fees heretofore filed by Lester William Roth, attorney and the real party in interest, in that certain divorce action heretofore commenced in the superior court entitled "David N. Marshank, Plaintiff, vs. Beatrice Z. Marshank, Defendant," Number S.M.D. 16971. Roth has filed a demurrer and answer to each petition.

The parties hereto are in substantial agreement as to the facts before us for consideration. On March 12, 1958, petitioner David, commenced an action for divorce against his wife, petitioner Beatrice. The wife thereupon employed Roth as her attorney and for a period of several months the wife, through her attorney, attempted unsuccessfully to negotiate a property settlement agreement. Roth never appeared as an attorney of record in said divorce action and after expending some hours of his professional time was discharged by his client without payment for his services. New counsel was engaged by said wife and thereafter answer and cross-complaint were filed in her behalf. Subsequently an order to show cause *in re* attorney's fees and costs, was filed by her resulting in an order for payment on account of attorney's fees to her then counsel. Petitioner and his wife thereafter entered into a written property settlement agreement providing, *inter alia,* for additional attorney's fees to her then counsel and pursuant to stipulation the case was set for trial on February 10, 1960, as a default proceeding.

On February 9, 1960, Roth signed an affidavit in support of his order to show cause *in re* attorney's fees and secured such an order from the respondent court directing both petitioners to show cause in said court on February 10, 1960, why they should not be required to pay to Roth reasonable sums for legal services rendered by him. When said matter was called for hearing petitioners both objected on the ground that the court had no jurisdiction to act upon said application for attorney's fees. The court proceeded to hear the divorce as a default matter and thereafter made its order on March 4, 1960, finding that it has jurisdiction to allow attorney's fees pursuant to said order to show cause and the matter was continued to a future date for hearing on its merits. The respective petitions for writ of prohibition were thereupon filed.

---

*Assigned by Chairman of Judicial Council.

A writ of prohibition is an appropriate remedy to arrest the proceedings of a court when there is not a plain, speedy, and adequate remedy in the ordinary course of the law and when the proceedings of the court are without or in excess of jurisdiction. (Code Civ. Proc., §§ 1102, 1103; *Hagan* v. *Superior Court*, 53 Cal.2d 498, 501 [2 Cal.Rptr. 288, 348 P.2d 896]; *City & County of San Francisco* v. *Superior Court*, 53 Cal.2d 236, 243 [1 Cal.Rptr. 158, 347 P.2d 294].)

For the reasons hereinafter indicated the superior court is without jurisdiction to make an award of attorney's fees to Roth, the real party in interest herein, against either petitioner.

It is settled that one who is not a party to a proceeding may not make a motion therein. An order to show cause is a notice of motion. " 'It is a recognized rule of legal procedure that no one not a party to the action, without any disclosed interest in the result thereof, can be permitted to thrust himself into the controversy by filing any character of pleading therein. Indeed, it would seem to confound the reason of the law, in a mere action at law, requiring pleadings to make up issues to be tried between the parties named in the action, that one not interpleaded as a party, neither for nor against whom the court could render any relief or judgment, could, *sua sponte*, come into the litigation for any purpose.' " (*Difani* v. *Riverside County Oil Co.*, 201 Cal. 210, 214 [256 P. 210]; see *Lavaysee* v. *Superior Court*, 63 Cal.App.2d 223, 225 [146 P.2d 686].) Roth is not a party to said divorce action.

Nor does Roth have such an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, as to entitle him to intervene in the action or proceeding. (Code Civ. Proc., § 387.) The right of an attorney to intervene for the purpose of settling a dispute between him and his client as to attorney's fees for services rendered in the same action is limited to those actions wherein, by virtue of the contract of employment between the attorney and client, the former is given a specific present interest in the subject matter of the action, which interest might be jeopardized by the client's discharge of his original attorney and the employment of another to prosecute the action. (*Schwartz* v. *Schwartz*, 119 Cal.App.2d 102, 104 [259 P.2d 33]; *Fields* v. *Potts*, 140 Cal.App.2d 697 [295 P.2d 965].)

The statutory authority to order one of the parties in a domestic relations case to provide reasonable attorney's fees

for the adverse party is delineated in sections 137.3 and 137.5, Civil Code. As pointed out in *Weil* v. *Superior Court*, 97 Cal. App.2d 373, 375-376 [217 P.2d 975], prior to the enactment of section 137.5 the allowance of attorney's fees against the husband in a divorce action was required to be made to the wife and an order directing payment to the wife's attorney was void. Therefore, the attorney had no direct interest in the allowance made to the wife, his interest therein being indirect and derivative.

"The attorney's right to the amount allowed for counsel fees for his services rendered to a wife is no more proprietary and direct by virtue of section 137.5 of the Civil Code than before its enactment. That section provides that when attorney's fees are allowed they may, in the discretion of the court, be made payable in whole or in part to the attorney. Notwithstanding the fees may be made payable to the attorney, they are granted to the wife for her benefit and are not awarded to her attorney. . . . A wife's attorney has no separate equity in counsel fees awarded to her. His right thereto is derived from his client.

"Such relation as an attorney for a party to a divorce case has in the subject matter of an action arises solely out of his employment. He had no 'interest' in the subject matter prior to the enactment of section 137.5 and that section does not invest him with any interest therein. (*Telander* v. *Telander*, 60 Cal.App.2d 207, 210 [140 P.2d 204].)

"Since previously to the enactment of section 137.5 attorney's fees for the wife were payable to her and an order for payment to her attorney was void . . ., any proceeding against the husband for the enforcement of an order for the payment of such fee was required to be conducted in her name. That section of the code gives the attorney one remedy, one method of enforcing the order, and one only, and that is to obtain and levy an execution. Section 137 [now 137.3] of the Civil Code provides that the court may require one spouse to pay support money, costs and attorney's fees to the other spouse. Such an order will require payment of any and all such amounts to the *spouse* and 'may be enforced by the court by such order or orders as in its discretion' the court may from time to time deem necessary. This includes contempt proceedings as well as the levy of an execution. Section 137.5 does not give such a broad power of enforcement of an order for payment of the fee directly to the attorney as is provided in

section 137. The method of enforcement of such order is expressly limited to the levy of an execution.

"When the court had no option but to order the attorney's fees paid to the wife, should she have failed to pay the money to her attorney after she had received it he would be deprived of his compensation. Section 137.5 corrected this injustice by providing for payment directly to the attorney, but the fee still is allowed to and for the benefit of the wife and the attorney's rights are not enlarged by that section." (*Weil* v. *Superior Court, supra,* pp. 376, 377; see *Di Grandi* v. *Di Grandi,* 102 Cal.App.2d 442, 443 [227 P.2d 841]; *Schwartz* v. *Schwartz,* 173 Cal.App.2d 455, 457 [343 P.2d 299].)

Even if Roth had been an attorney of record of one of the parties in said action at some time, which concededly he was not, he has no right to make a motion in his own behalf, as distinguished from a motion in behalf of his client for an award of attorney's fees in said action. The applicable section of the Civil Code (§ 137.5) authorizes the trial court in its discretion to make attorney's fees granted to one of the parties payable directly to the attorney for that party. ▮ The attorney for such party has no separate equity in the counsel fees awarded to his client but instead his right thereto is derived from his client. ▮ Therefore, it is only the party who has the right to apply for an award of attorney's fees and sections 137.3 and 137.5 do not give the attorney for a party, either before or after any discharge of his services by his client, the right to make a motion in his own behalf for an award of such fees.

▮ In support of his position the real party in interest refers to the 1953 amendment of section 137.3 providing that "[a]ttorney's fees and costs . . . may be awarded for legal services . . ., including services rendered or costs incurred prior to the filing of the complaint." Likewise the 1957 amendment to said section providing that: "An application for an order making, augmenting, or modifying an award of attorney's fees or costs or both shall be made by motion on notice or by an order to show cause, . . . (a) at the time of the hearing of the cause on the merits. . . ." He construes these amendments as giving him the right to make a motion for attorney's fees in his own name and behalf whether he was ever attorney of record in the case or not. To the contrary, we find nothing in section 137.3 as amended or 137.5 entitling Roth to make or prosecute his own motion for attorney's fees

and the trial court is without jurisdiction to further proceed with such motion or to make any award thereunder.

The cases of *Neblett* v. *Getty,* 20 Cal.App.2d 65 [66 P.2d 473] and *Wiley* v. *Silsbee,* 1 Cal.App.2d 520 [36 P.2d 854], which are cited by Roth in support of his contentions are not authority for the proposition that an attorney in a domestic relations action may file a motion in his own behalf for an award of attorney's fees against either or both of the parties thereto. In both these cases the attorney, after being discharged by his client, filed a separate lawsuit to recover for the value of his services.

The demurrers filed by the real party in interest are overruled. Let peremptory writs of prohibition issue restraining the Superior Court of the State of California, in and for the County of Los Angeles, from any further proceeding in the matter entitled "Order to Show Cause *in re* Attorney's Fees" in the action entitled "David N. Marshank v. Beatrice Z. Marshank," being action Number S.M.D. 16971 in said superior court, except to vacate the order made March 4, 1960, assuming jurisdiction of said order to show cause and to deny the prayed for relief.

Fox, P. J., and Ashburn, J., concurred.