[Civ. No. 26822. Second Dist., Div. Three. Dec. 17, 1962.]

JUANITA CHASE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; SILVER, McWILLIAMS & SHERMAN et al., Real Parties in Interest.

Stuart J. Faber and John R. Brunner for Petitioner.

Harold W. Kennedy, County Counsel, Donald K. Burne, Deputy County Counsel and John J. Collins, Deputy County Counsel, for Respondent.

Silver, McWilliams & Sherman and Arthur Sherman for Real Parties in Interest.

THE COURT.—A petition was filed on October 19, 1962, for a writ of prohibition to restrain respondent court from proceeding with and passing upon a motion which it had taken under submission on October 16. Pursuant to rule 56(b) (Rules on Original Proceedings in Reviewing Courts),* this court deemed it advisable to await five days to permit the filing of opposition by respondent or real party in interest. In the meantime, respondent court proceeded to consider the matter and on October 23, 1962, made its order hereinafter set forth.

*Cal. Rules of Court, rule 56 (b).

 The events leading up to this order are as follows: On July 9, 1962, the law firm of Silver, McWilliams & Sherman filed a personal injury complaint purporting to be on behalf of petitioner herein, case No. SO C-3718. On July 23, 1962, attorney Lund, upon petitioner's authorization, filed a like complaint based upon the same injuries, case No. SO C-3787. Petitioner thereafter, through attorney Lund, made a motion in case No. SO C-3718 to strike the complaint or to dismiss same without prejudice upon the ground that same was filed without authorization. On September 12, 1962, after hearing and receipt of oral and documentary evidence on behalf of petitioner and the law firm of Silver, McWilliams & Sherman, the court made its order that "Juanita Chase did not employ Silver, McWilliams & Sherman in SO C 3718 being Chase v. Oberman and did not authorize the filing thereof and accordingly the same is dismissed and there can be no prejudice because the act was done without her authority."

On September 18, 1962, the law firm of Silver, McWilliams & Sherman, in its own behalf, filed a "Notice of Motion to Reconsider Order Dismissing Complaint." It was contended (a) that the motion of petitioner was improperly submitted since attorney Lund was not an attorney of record in that action; (b) that there was a contract of employment with petitioner,—in other words, that the evidence was insufficient to sustain the trial court's determination to the contrary. A hearing was held on October 16, 1962 (before a trial judge other than the one who had rendered the order of dismissal); the matter was argued and submitted. No new evidence was received.

On October 23, 1962, the court made the following order: "In this matter heretofore submitted Oct. 16, 1962 the court now makes its decision and order as follows: Upon consideration of the motion to reconsider the prior order herein dismissing the complaint in controversy, and after consideration of all affidavits relating to the first and second motions, it is ordered as follows: The complaint in controversy is dismissed. Silver, McWilliams & Sherman, counsel who filed said complaint, shall have and recover, from plaintiff's share of any proceeds realized in settlement or from judgment in her cause of action, the actual and reasonable costs which said counsel incurred in the filing of said complaint, in the service of process and the expense of any reasonable investigation. Counsel notified."

It is petitioner's contention that the trial court acted in ex-

cess of its jurisdiction in ruling upon the motion for reconsideration, and with this contention we agree.

Section 581, subdivision 1, of the Code of Civil Procedure, provides for the dismissal of an action upon the written request of the plaintiff "at any time before the actual commencement of trial, upon payment of the costs of the clerk or judge; provided, that a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant." Subdivision 2 of said section requires the written consent of plaintiff's attorney of record unless the dismissal was made "upon order of the court after notice to such attorney." In the instant case no counterclaim had been set up and no affirmative relief was sought by cross-complaint or answer. The dismissal was by order of court upon notice to Silver, McWilliams & Sherman.

Section 581d provides, in part: "All dismissals ordered by the court shall be entered upon the minutes thereof, or by a written order signed by the court and filed in the action . . . , and such orders when so entered or filed shall constitute judgments and be effective for all purposes, . . ." (See *White* v. *Ostly,* 173 Cal.App.2d 636, 639 [343 P.2d 937].) In *Harris* v. *Board of Education,* 152 Cal.App.2d 677, 680 [313 P.2d 212], it is stated: "An order of the trial court dismissing an action is a final judgment. (*Southern Pac. R.R. Co.* v. *Willett,* 216 Cal. 387 [14 P.2d 526].) When such an order is made it can be modified or set aside in the trial court only upon certain grounds.

It may be directly attacked under section 473 of the Code of Civil Procedure by a party to the action on the ground of mistake, inadvertence, surprise or excusable neglect or that it is void. Although the trial court may correct its own inadvertence or clerical error, or set aside a judgment or order obtained by extrinsic fraud, it can correct judicial error only on a motion for new trial, or on a motion under section 663 of the Code of Civil Procedure to vacate the order or judgment and enter a different one. (See *Greene* v. *Superior Court,* 55 Cal.2d 403, 405-406 [10 Cal.Rptr. 817, 359 P.2d 249]; *Bowman* v. *Bowman,* 29 Cal.2d 808, 814 [178 P.2d 751, 170 A.L.R. 246]; *Ransom* v. *Los Angeles City High School Dist.,* 129 Cal.App.2d 500, 507 [277 P.2d 455]; *Holtum* v. *Grief,* 144 Cal. 521, 524 [78 P. 11]; Witkin, California Procedure, § 16, p. 1894.)

It is apparent from the record that the motion for reconsideration did not purport to be based upon any of these

recognized grounds. ▆▆ Furthermore, and controlling herein, is the fact that the motion was made by persons who were not parties to the action.

▆▆▆ "It is settled that one who is not a party to a proceeding may not make a motion therein. . . . " 'It is a recognized rule of legal procedure that no one not a party to the action without any disclosed interest in the result thereof, can be permitted to thrust himself into the controversy by filing any character of pleading therein. Indeed, it would seem to confound the reason of the law, in a mere action at law, requiring pleadings to make up issues to be tried between the parties named in the action, that one not interpleaded as a party, neither for nor against whom the court could render any relief or judgment, could, *sua sponte,* come into the litigation for any purpose.' " (*Difani* v. *Riverside County Oil Co.,* 201 Cal. 210, 214 [256 P. 210]; See *Lavaysse* v. *Superior Court,* 63 Cal.App.2d 223, 225 [146 P.2d 686].) Roth is not a party to said divorce action.

"Nor does Roth have such an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, as to entitle him to intervene in the action or proceeding. (Code Civ. Proc., § 387.) ▆▆ The right of an attorney to intervene for the purpose of settling a dispute between him and his client as to attorney's fees for services rendered in the same action is limited to those actions wherein, by virtue of the contract of employment between the attorney and client, the former is given a specific present interest in the subject matter of the action, which interest might be jeopardized by the client's discharge of his original attorney and the employment of another to prosecute the action. (*Schwartz* v. *Schwartz,* 119 Cal.App.2d 102, 104 [259 P.2d 33]; *Fields* v. *Potts,* 140 Cal.App.2d 697 [295 P.2d 965].)" (*Marshank* v. *Superior Court,* 180 Cal.App.2d 602, 605 [4 Cal. Rptr. 593].)

In *Kelly* v. *Smith,* 204 Cal. 496 [268 P.1057], it is said at page 500: "We think the cases are and should be very rare when an attorney is authorized to intervene in an action instituted by him in behalf of his client for the purpose of settling a dispute between him and his client as to his attorney's fee for services rendered in the same action. They should be limited at least to those actions wherein, by virtue of the contract of employment between the attorney and client, the former is given a specific present interest in the subject matter of the action, which interest might be jeopardized by the

client's discharge of his original attorney and the employment of other attorneys to prosecute the action. Usually in cases where the attorney is given a present interest in the subject matter of the action it has been held that the attorney has a contract coupled with an interest, in which case the client would be powerless to discharge him." An interest in and to the fruits or proceeds to be derived from the action, even under a valid contingent fee contract, does not create the requisite "present interest in the subject matter of the action." (*O'Connell* v. *Superior Court,* 2 Cal.2d 418, 422 [41 P.2d 334, 97 A.L.R. 918].) (See also *Hoult* v. *Beam,* 178 Cal.App.2d 736 [3 Cal.Rptr. 191]; *Fields* v. *Potts,* 140 Cal.App.2d 697, 700 [295 P.2d 965]; *Echlin* v. *Superior Court,* 13 Cal.2d 368, 372 [90 P.2d 63, 124 A.L.R. 719]; *Scott* v. *Superior Court,* 205 Cal. 525, 531 [271 P. 906].)

In *Lavaysse* v. *Superior Court, supra,* 63 Cal.App.2d 223, two orders of the trial court, made subsequent to the dismissal of the action, granting two motions by plaintiff's attorney in his own behalf, were annulled upon review in certiorari. In that case a motion to set aside the dismissal was purportedly made under section 473 of the Code of Civil Procedure. The court states at page 225: "Furthermore, that portion of section 473 of the Code of Civil Procedure which the attorney sought to invoke as the legal authority for his motion to vacate the dismissal, is, by express provision, made available only to a party to the action or his legal representative. (*Smith* v. *Roberts,* 1 Cal.App. 148 [81 P. 1026].) It reads: 'The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him. . . .' Here the attorney was not a party nor the legal representative of a party to the action, nor at the time he made his motion to set aside and vacate the dismissal did he have any personal interest in the subject matter of the action, . . ." And at page 226, the court comments, "no case has been brought to our attention wherein it has been held that a voluntary dismissal of this type may be set aside on motion of the attorney for one of the parties acting on his own behalf." The *Lavaysse* case involved a voluntary dismissal consented to by the attorney, whereas in the instant case the attorney did not so consent. However, attorney Sherman appeared at the hearing of September 12th and throughout the hearing his position was that his firm was not interested in the representation of Mrs. Chase; that he was concerned only in having Mrs. Chase retract cer-

tain statements made in her declaration, and in obtaining costs incurred by him in the case. We think that the factual difference in the *Lavaysse* case does not make its ruling inapplicable herein where the voluntary dismissal was accomplished by court order. This law firm was not a party to the action and had no standing to make a motion therein.

It is clear, under the foregoing authorities, that the court had no authority to entertain the motion to reconsider or to make its order of October 23, 1962. Subsequent to the making of such order, Silver, McWilliams & Sherman urged that the matter herein had become moot. Petitioner filed a supplemental petition requesting appropriate relief in the circumstances.

██ The rule is that prohibition ordinarily issues only to prevent future judicial acts rather than to undo acts already performed. (*Melancon* v. *Superior Court,* 42 Cal.2d 698, 704-705 [268 P.2d 1050].) ██ However, as we have shown, the trial court was without authority to entertain the motion and, after application herein but before an alternative writ of prohibition had issued, proceeded to make its order, likewise in excess of its jurisdiction. The order, being one not authorized or recognized in our procedure, is not an appealable order and review by certiorari after the making thereof is the proper remedy. (*Whitley* v. *Superior Court,* 18 Cal.2d 75, 82 [113 P.2d 449] ; *Stanton* v. *Superior Court,* 202 Cal. 478, 488 [261 P. 1001] ; *Lankton* v. *Superior Court,* 5 Cal.2d 694, 696 [55 P.2d 1170] ; *Treat* v. *Superior Court,* 7 Cal.2d 636, 638 [62 P.2d 147] ; cf. *Howard* v. *Superior Court,* 25 Cal.2d 784, 789 [154 P.2d 849] ; *Shrimpton* v. *Superior Court,* 22 Cal.2d 562, 564 [139 P.2d 889].) ██ As stated in Witkin, California Procedure, section 29, page 2500, ''if prohibition is appropriate at the time of the application, but the lower tribunal completes the act before decision on the application, the appellate court may treat the proceeding as one on certiorari.'' This we have done. (Id. § 75(b), p. 2572.)

Since the court was without jurisdiction to entertain the motion, the proceedings and order that followed are void. It is ordered that the order of respondent court made on October 23, 1962, in case Number SO C-3718 be and the same is hereby annulled.