468 P.2d 561

**The STATE of Arizona, Appellee,**

v.

**Demetrio MADRID, Appellant.**

**No. 2017.**

Supreme Court of Arizona,
In Division.

April 28, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Robert Wertsching, Phoenix, for appellant.

McFARLAND, Justice:

Appellant Demetrio Madrid, hereinafter referred to as the defendant, was tried and convicted on the first count for burglary in the first degree, and assault with a deadly weapon on the second count, and was sentenced to serve fifteen to twenty years in the Arizona State Penitentiary on each count, to run concurrently. From his conviction and sentence he appeals.

Defendant was represented throughout all the proceedings by the office of the Public Defender. On the day fixed for trial—August 26, 1968—after several prior postponements, the defendant personally asked for a continuance, and requested substitution of counsel. He expressed extreme dissatisfaction with the several attorneys who had worked on his case, and he was of the opinion that he would not receive proper representation from anyone in the Public Defender's office. The County Attorney strenuously objected, and understandably so, since he was prepared for trial and had his witnesses present.

The defendant not only moved for substitution of attorneys, but also requested that Henry Florence, Esq., a member of the Bar in private practice, be appointed to represent him. It is needless for our purpose here to embark upon a discussion as to whether an indigent defendant's right to counsel extends to the point that he may hand-pick an assigned attorney, because the court granted Madrid's motion. Fol-

lowing is a portion of the trial judge's oral decision:

"We will, therefore, unless you provide your own attorney, relieve the Public Defender's Office from further responsibility, and appoint counsel from the list available here in Maricopa County of practicing attorneys. At your request, we will first attempt to ascertain whether Mr. Florence is willing to represent you as the appointed attorney. If not, we will then appoint one of the others from the list which you have heard."

Apparently Mr. Florence was willing to undertake Madrid's defense because by minute entry of the same day, August 26, the court formally appointed him attorney for the defendant, and relieved the Public Defender from all further responsibility. However, two days later the Public Defender filed a motion for reconsideration of the court's order—and requested that the Public Defender be re-appointed as Madrid's attorney. Why the Defender would seek to regain a recalcitrant, dissatisfied client does not appear in the record. In any case, on September 18, 1968, after a hearing, and over the objections of Madrid, the court granted the Public Defender's motion. At the subsequent trial the Public Defender did represent Madrid, although the defendant continued his objection to the arrangement. On this appeal he is represented by assigned counsel other than the Public Defender.

■ Madrid's newly-appointed attorney did not participate in the proceedings on the Public Defender's motion, choosing to leave the entire matter to the discretion of the court. However, the County Attorney actively joined the Public Defender in urging the court to grant the motion. It is understandable that the State should oppose the original motion for substitution and the resulting continuance, since it was prepared to try the case on that date. But for the prosecution to participate in the selection or rejection of its opposing counsel is unseemly if for no other reason than

the distasteful impression which could be conveyed.

■ The record shows that a copy of the motion for re-examination and determination of counsel was mailed to Henry Florence, defendant's attorney of record; however, it does not show whether he was notified of the date of the hearing. Both the Public Defender and the County Attorney appeared in support of the motion, but Defendant's attorney was not present at the hearing, as is shown by the record:

"THE COURT: The record indicates that Mr. Florence was appointed, and I assumed he would be speaking for the Defendant in relation to this motion also. Have you had any contact with him?

"MR. NICHOLLS: I haven't had any contact with Mr. Florence

"THE COURT: Does he have any intention of being here?

"MR. CRAMPTON: Your Honor, I have spoken very briefly with Mr. Florence, and it was his position that he would wait until after the result of this motion, and he was not particularly interested in participating in this proceedings.

"THE COURT: Is the Defendant present?

"MR. NICHOLLS: Yes, the Defendant is present.

"THE COURT: Very well. We'll hear such matters as you wish to present."

The defendant was thereafter sworn and testified in his own behalf, setting forth his reasons why the motion should not be granted. The question of representation of counsel at critical stages of a proceeding is a constitutional right. In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149, the Court stated:

"As early as Powell v. Alabama, supra, [287 U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55, 84 A.L.R. 527] we recognized that the period from arraignment to trial was 'perhaps the most critical period of the proceedings * * *,'".

■ The court in the instant case should have required the presence of the defendant's attorney of record before proceeding. However, in the instant case we do not need to reach the constitutional question of whether the hearing without representation was a violation of the 14th Amendment to the Constitution of the United States, because the proceeding was a nullity.

In Smith v. Superior Court, 68 Cal.2d 547, 440 P.2d 65, in an analagous situation to that presented here, it was held that the dismissal of assigned counsel over the objection of the defendant was beyond both the statutory and inherent powers of the court. In coming to this conclusion, the court said:

"Nevertheless we must consider whether · a court-appointed counsel may be dismissed, over the defendant's objection, in circumstances in which a retained counsel could not be removed. A superficial response is that the defendant does not pay his fee, and hence has no ground to complain as long as the attorney currently handling his case is competent. But the attorney-client relationship is not that elementary: it involves not just the causal assistance of a member of the bar, but an intimate process of consultation and planning which culminates in a state of trust and confidence between the client and his attorney. This is particularly essential, of course, when the attorney is defending the client's life or liberty. Furthermore, the relationship is independent of the source of compensation, for an attorney's responsibility is to the person he has undertaken to represent rather than to the individual or agency which pays for the service. (See generally, California Criminal Law Practice (Const.Ed.Bar 1964), § 1.46, pp. 38–39.) It follows that once counsel is appointed to represent an indigent defendant, whether it be the public ·defender or a volunteer private attorney, the parties enter into an attorney-client relationship which is no less inviolable than if ·counsel had been retained. To hold otherwise would be to subject that relationship to an unwarranted and invidious discrimination arising merely from the poverty of the accused."

We are sure there would have been no doubt as to the outcome here had Mr. Florence been "newly retained" counsel rather than "newly assigned."

■ Furthermore, as we previously said, it is the opinion of this Court that the entire proceeding was void, and the court had no jurisdiction to entertain the Public Defender's motion. On August 26, the Public Defender was officially dismissed from the case, and the newly-appointed attorney was substituted. The rule is stated in 7 C.J.S. Attorney and Client § 124, as follows:

"The effect of a substitution is to preclude the original attorney from acting further in the cause, and to vest in the substituted attorney all the rights and powers, and to impose on him all the duties, of his predecessor."

Thus, on August 28, the Public Defender was not a party to the proceedings, nor an attorney of record, and thereby had no standing to make the motion. In effect, the motion was a nullity, and the order based thereon was an excess of the court's jurisdiction. Union Carbide Corporation v. Filtrol Corporation, 278 F.Supp. 553, 557 (D.C.Cal.); Chase v. Superior Court, 210 Cal.App.2d 872, 27 Cal.Rptr. 383; Marshank v. Superior Court, 180 Cal.App.2d 602, 4 Cal.Rptr. 593; Lavaysse v. Superior Court, 63 Cal.App.2d 223, 146 P.2d 686. Therefore, the re-appointment of the Public Defender was invalid. Mr. Florence was, and is, the attorney of record for Madrid, and all the proceedings which followed his appointment, and in which he did not participate, must be invalidated.

We cannot speculate that the outcome of the trial would have been .any different had the assigned counsel participated. Nor do we imply' any criticism of the Public Defender,· particularly under the difficult

circumstances of dealing with an uncooperative client.

Because of our disposition of this matter, it is unnecessary to consider the defendant's other contentions on this appeal.

Reversed and remanded for a new trial.

UDALL and HAYS, JJ., concur.