# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

$782.00 Currency
and Kenneth W. Lanier

Case No. CL97000483

Commonwealth of Virginia

v.

1976 Chevrolet Monte Carlo
and Worley D. Allison

Case No. CL97000484

May 5, 1998

BY JUDGE CLIFFORD R. WECKSTEIN

In each of these cases, the Commonwealth's Attorney commenced a civil asset forfeiture proceeding. In each case, the defendant, by counsel, filed responsive pleadings. The lawyers who filed the responsive pleadings were full-time assistant Public Defenders. The Office of the Public Defender and its attorneys had been court-appointed to represent the civil defendants in the criminal cases out of which the forfeiture proceedings arose. The Commonwealth's Attorney filed motions "to Remove Opposing Counsel" in the civil cases, asserting that assistant Public Defenders could not represent their clients in asset forfeiture cases.

This Court, *ex mero motu*, inquired about the Commonwealth's standing to object to the assistant Public Defenders; the matter was briefed and argued, and the Court has engaged in independent research.

Having maturely considered the matter, I hold that the Commonwealth's Attorney does not have standing to complain about the fact that assistant Public Defenders represent the defendants in these civil forfeiture proceedings. I adopt the rationale of the Arizona Supreme Court. *See Smith v. Lewis*, 157 Ariz. 510, 759 P.2d 1314 (1988); *State v. Evans*, 129 Ariz. 153, 629 P.2d 989 (1981); *Rodriguez v. Arizona*, 129 Ariz. 67, 628 P.2d 950 (1981); *Knapp v. Hardy*, 111 Ariz. 107, 523 P.2d 1308 (1974); *Arizona v. Madrid*, 105 Ariz. 534, 468 P.2d 561 (1970). There are no apposite reported cases expressing views contrary to those expressed by the Arizona Supreme Court, and I believe that the Arizona decisions are logical and persuasive.