**RIORDAN v. FERGUSON, Federal Housing Administrator (INTER–COUNTY TITLE GUARANTY & MORTGAGE CO., Third Party Defendant).**

District Court, S. D. New York.

Feb. 10, 1942.

See also, D.C., 42 F.Supp. 47.

Herbert Noble, Jr., of New York City, for plaintiff.

Mathias F. Correa, U. S. Atty., of New York City (Arnold C. Stream, Asst. U. S. Atty., of New York City, of counsel), for third party plaintiff.

Mitchell & Phelan, of New York City (James G. Mitchell, of New York City, of counsel), for third party defendant.

MANDELBAUM, District Judge.

This is an executor's suit to foreclose a mortgage on certain property owned by the Federal Housing Administrator (the party defendant). The defendant, Inter-County Title Guaranty & Mortgage Company insured the title to the premises.

Plaintiff has moved to strike out certain interrogatories propounded to him by Inter-County Title Guaranty & Mortgage Company, the defendant herein.

### The Objections to Interrogatories 7 to 11 Inclusive.

It is urged that these interrogatories pertain to the defense of laches; that this defense is insufficient in law, and consequently, the interrogatories propounded are not relevant to the issues. The objections are overruled. This defense, until stricken, is valid. If the defense should subsequently be stricken out, steps may then be taken, either at the trial or prior thereto, to preclude the admission of the answers to these interrogatories into evidence.

### The Objections to Interrogatories 44 to 53 Inclusive.

It is contended that the information sought to be obtained concerns matters of public record which can be obtained by the defendant, and that it is also within the knowledge of the defendant. The objections are overruled. Defendant may make inquiries of the plaintiff with respect to such matters. Nakken Patents Corp. v. Rabinowitz, D.C., 1 F.R.D. 90; Kingsway Press, Inc., v. Farrell Pub. Corp., D.C. 30 F.Supp. 775. As to those matters which the plaintiff cannot readily furnish information and details, he may so state under oath. R.C.A. Mfg. Co., Inc., v. Decca Records, Inc., D.C., 1 F.R.D. 433.

Objections to interrogatories 4, 5 and 6 have been withdrawn.

One other point requires brief discussion. It is submitted by plaintiff's attorney that the plaintiff is too ill, both physically and mentally to answer any of the interrogatories. That a Miss Patterson, a former bookkeeper of the deceased, be required to answer the questions in lieu of the plaintiff. This request is opposed on the ground that the court lacks power to order this substitution.

I find it unnecessary to pass upon this question since I feel that no competent proof has been presented to satisfy the court that the plaintiff is unable to answer the interrogatories. The plaintiff, however, is not precluded from renewing this phase of the motion upon the submission of proper proof.

The interrogatories are to be answered by the plaintiff within thirty (30) days after the service of an order, with notice of entry thereon, on plaintiff's attorney.

Settle order on notice.