**George W. HILTON, Plaintiff,**

v.

**CONTISHIP CORPORATION,**
**Defendant.**

United States District Court
S. D. New York.

Aug. 5, 1954.

George J. Engelman, New York City, for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City, for defendant. William P. Kain, Jr., New York City, of counsel.

BICKS, District Judge.

Motion to **compel production** of various writings in possession of defendant, disposed of as follows: Granted on consent as to items lettered (a), (b), (c), (d), (e) and (h), respectively; the records and documents mentioned in item (h) need be only those made during the period six months prior and six months subsequent to August 4, 1953, the date of the accident alleged in the complaint. Denied as to item (g).

A party is not entitled to written statements of witnesses obtained by his adversary merely by alleging that "he took no steps to obtain witnesses and did not obtain statements from any of them", prior to retaining counsel. Absent a showing that the witnesses, copies of whose written statements are sought, are not available to the movant for the purpose of obtaining their statement or other circumstances constituting good cause, an order directing production of the statements made by them to the adversary is not indicated. Mere convenience is not good cause as required by Rule 34 F.R.C.P., 28 U.S.C.A. Motion denied as to item (f) without prejudice to renew upon a proper showing of good cause.

Settle order on notice.