**Eunice M. HERRICK, Plaintiff,**

**v.**

**BARBER STEAMSHIP LINES, INC., D/S A/S Den Norske, Afrika-Og Australie-linie, Wilhelmsens, Dampskibsantiesel-skab, A/S Tonsberg, A/S Tankfart I, A/S Tankfart IV, A/S Tankfart V, A/S Tankfart VI, and Wilhelm Wilhelmsen, Defendants.**

**No. 64 Civ. 3573.**

United States District Court
S. D. New York.

May 9, 1966.

Schulman, Abarbanel & Kroner, New York City, for plaintiff, Arthur Abarbanel, William W. Hall, Jr., New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendants, Edward J. McCarren, New York City, of counsel.

McLEAN, District Judge.

This is an action for personal injuries by a passenger on defendant's vessel who allegedly was thrown against a dressing table in her stateroom while the vessel was at sea. The principal factual allegation, as distinct from conclusions, of negligence and unseaworthiness is the alleged failure of defendant to provide adequate handholds.

Plaintiff moves under Rule 34 to require the production of five documents in defendant's possession which plaintiff characterizes as "accident reports" and which defendant says are "statements" obtained by defendant after this action was begun. The authors of four of these documents are the master, chief officer and two stewards. The author of the fifth is another passenger.

As to the statement of the passenger, plaintiff clearly has not shown good cause. This witness is as available to plaintiff as to defendant, and the fact that she lives in Norway presents no insuperable obstacle to the taking of her deposition if plaintiff considers it necessary. See Tandy & Allen Construction Co. v. Peerless Casualty Co., 20 F.R.D. 223 (S.D.N.Y.1957); Hilton v. Contiship Corporation, 16 F.R.D. 453 (S.D.N.Y. 1954).

As to the statements of the master, chief officer and stewards, a closer question is presented. Defendant represents to the court that these documents are not reports made by these crew members in the regular course of their duties. It also represents that they contain no information as to the happening of the accident or as to the presence or absence of handholds, and that they relate solely to certain "impeaching matters" relating to plaintiff. Defendant has agreed to furnish to plaintiff in response to her interrogatories the desired information as to whether handholds were provided in plaintiff's cabin.

Under these circumstances, I do not believe that good cause has been shown and I will not direct the production of these statements at this time. If any of these four people testify either by deposition or at the trial, plaintiff may renew her demand for the production of the statement of the person so testifying. See Palensar v. Isthmian S.S. Co., 11 F.R.D. 552 (S.D.N.Y.1951); Flores v. Matson Nav. Co., 12 F.R.D. 262 (S.D. N.Y.1951).

Motion denied. So ordered.