**UNION CARBIDE CORPORATION,**
**Plaintiff,**

v.

**FILTROL CORPORATION, Defendant.**

**No. 65–1208.**

United States District Court
C. D. California.

Dec. 12, 1967.

Lawrence T. Lydick, John H. Brinsley and Adams, Duque & Hazeltine, Los Angeles, Cal., and John L. Parker and Wolfe, Hubbard, Voit & Osann, Chicago, Ill., for plaintiff Union Carbide Corporation.

John P. Scholl and Kendrick & Subkow, Los Angeles, Cal., for defendant Filtrol Corporation.

Orville A. Armstrong and Armstrong & Lloyd, Los Angeles, Cal., and Granville M. Pine and Morgan, Finnegan, Durham & Pine, New York City, for Mobil Oil Corporation.

## OPINION AND ORDER DENYING MOTION BY MOBIL OIL CORPORATION TO MODIFY SECRECY PROTECTIVE ORDERS

HAUK, District Judge.

This is a motion brought by Mobil Oil Corporation (hereinafter referred to as "Mobil") for an Order modifying certain Fed.R.Civ.P. 30(b) protective Orders previously entered by the Court in this action so as to enable Mobil to gain access to depositions taken by plaintiff Union Carbide Corporation (hereinafter referred to as "Union Carbide") of defendant Filtrol Corporation (hereinafter referred to as "Filtrol") and its employees, which depositions have been taken subject to such protective Orders. These protective Orders are a Mutual Protective Order Pursuant to Rule 30(b) entered on December 21, 1965, as amended by a Stipulation and Order dated March 17, 1966, and a further Stipulation and Order dated December 28, 1966.

In the instant action, filed in August of 1965, plaintiff Union Carbide charges Filtrol with infringement of patents owned by Union Carbide directed to com-

positions defined by their chemical composition and certain X-ray diffraction characteristics, and to methods of making such compositions.

Mobil is not a party to this action. Mobil is, however, the party plaintiff in two actions pending before the Honorable Francis C. Whelan of this Court jointly against Filtrol (the same defendant involved in the instant action) and Texaco, Inc. Those actions before Judge Whelan are each entitled Mobil Oil Corporation v. Filtrol Corporation and Texaco, Inc. (hereinafter referred to as the "Mobil cases") and have been assigned Civil Action Nos. 64–1572–FW and 66–1779–FW. The complaints in those actions were filed in November of 1964 and November of 1966, respectively. Union Carbide is not a party to either of the Mobil cases.

The Mobil cases involve allegations that Filtrol and Texaco, Inc. infringe certain patents owned by Mobil dealing with catalytic cracking catalysts, methods of making such catalysts, and catalytic cracking processes used in oil refineries. Various discovery proceedings have been conducted in the Mobil cases but prior to August of this year no depositions had been taken in those cases by any party. On August 22, 1967 Mobil commenced taking depositions of Filtrol and its employees, and since that time and up until the hearing of the instant motion on October 2, 1967 Mobil has taken approximately four weeks of such depositions.

It appears, from statements made by counsel for Mobil, that Filtrol makes compositions which are charged to infringe Union Carbide patents, and incorporates them into catalysts which are charged to infringe Mobil patents. Texaco, Inc. is alleged to have used the catalysts in catalytic cracking processes in its oil refineries. The Union Carbide patents in suit are not involved in the Mobil cases, and the Mobil patents are not involved in the instant action brought by Union Carbide.

During discovery proceedings to date in the instant action, each party has produced documents and samples for the other, and each party has taken depositions of the other party and its employees. Plaintiff Union Carbide has taken a total of 63 volumes of deposition testimony of Filtrol personnel, including depositions of 23 different individuals taken during 41 days. Several thousand pages of deposition exhibits have been marked for identification. Although all of the testimony taken to date has been transcribed, and transcripts are in the possession of both Union Carbide and Filtrol, neither the direct nor the cross-examination of the witnesses has been completed, nor have the transcripts been corrected or signed. None of the depositions has been filed with the Court.

All of the depositions in this action have been taken pursuant to the aforesaid protective Orders of this Court which strictly limit the number and type of individuals who have access to alleged secret or confidential information given during the depositions, and enjoin use of such information except for purposes of the lawsuit. It is these depositions taken of defendant Filtrol by plaintiff Union Carbide to which Mobil seeks to gain access by bringing the instant motion.

Prior to its bringing of the instant motion Mobil brought a motion under Fed.R.Civ.P. 34 before Judge Whelan in the Mobil cases seeking an order requiring Filtrol, a defendant in those cases, to produce for copying by Mobil the depositions in its possession taken by Union Carbide in the instant action. Mobil's Rule 34 motion papers expressly recognized the need for entry of a suitable Order in the instant action, as well as in the Mobil cases, and expressed Mobil's intention to bring the instant motion before this Court.

Union Carbide, plaintiff herein, was given notice by Mobil of the filing of its Rule 34 motion in the Mobil cases, following which Union Carbide informally advised Judge Whelan, and Mobil and Filtrol, that it would oppose Mobil's request. Union Carbide was advised that it had no standing in Judge Whelan's Court to oppose Mobil's Rule 34 motion since it was not a party to the Mobil

cases. Union Carbide accordingly did not appear at a subsequent hearing on Mobil's motion held before Judge Whelan on August 21, 1967, and did not formally oppose entry of Judge Whelan's Order granting Mobil's motion which was entered in those cases on September 6, 1967.

Judge Whelan's Order of September 6, 1967 requires Filtrol to produce for Mobil and permit it to copy the transcripts of the depositions taken by Union Carbide subject to certain conditions, one of which is that the depositions in question, if produced, shall be subject to certain protective Orders previously entered by Judge Whelan in the Mobil cases. However, Judge Whelan's Order provides expressly that it does not become effective unless and until this Court enters an Order in the instant action modifying the protective Orders herein so as to permit Filtrol to comply with Judge Whelan's Order.

Mobil urges as grounds for the instant motion that good cause for the inspection of the depositions and their relevancy have been determined by the Order of Judge Whelan dated September 6, 1967 and are not in issue herein; that the protective Orders herein unless modified prohibit Mobil access to discoverable matter to which it is entitled by Order of Judge Whelan and to which it would have access but for the protective Orders; that Mobil is a person interested in the protective Orders and the modification thereof; that the protective Orders in the Mobil cases adequately protect Union Carbide and Filtrol; that Union Carbide has no legitimate interest in the modification of the Orders made herein and governing the Filtrol depositions; and that there are no reasons why Mobil should not have access to the depositions.

Defendant Filtrol unsuccessfully opposed Mobil's Rule 34 motion made before Judge Whelan, but did not file an opposition pleading to Mobil's motion filed in this action. Filtrol takes the position here that the issue as between Mobil and Filtrol has been decided by the ruling of Judge Whelan.

Union Carbide opposes Mobil's instant motion on several grounds. Union Carbide contends that Mobil, as a non-party and thus a stranger to this proceeding, has no standing to bring the instant motion, and points to the fact that Union Carbide, not a party to the Mobil cases, had no standing in those cases to oppose Mobil's Rule 34 motion; that Mobil is thus not reachable by any Order of this Court so that should Mobil be granted access to the confidential information involved here, plaintiff Union Carbide would have no redress to this Court or to Judge Whelan's Court in the event of a future accusation that Mobil had wrongfully disclosed Union Carbide's or Filtrol's information to others, and that, moreover, Union Carbide would be placed in the untenable position of having to respond to the Court, and to defendant Filtrol, to any future accusation that a Mobil employee, over whom Union Carbide has no control, wrongfully disclosed Filtrol information.

Union Carbide also contends that this Court's previously entered protective Orders are mutual in scope and protect the secret information of plaintiff Union Carbide as well as that of defendant Filtrol, that plaintiff Union Carbide thus has an interest quite apart from that of defendant Filtrol in protecting the depositions in question to the extent that they utilized confidential information originating with Union Carbide, and that there is no protective Order entered in the Mobil cases which protects Union Carbide.

Union Carbide contends further that Mobil has failed, either in this Court or before Judge Whelan, to make any showing of good cause or relevancy of the depositions in question to the issues in the Mobil cases which involve different patents directed to different claimed subject matter; that Mobil has not disclosed any interest that it may have in the result of the instant action; that Mobil does not need the depositions in question since it has taken four weeks of its own

depositions; that insofar as Mobil is concerned the depositions represent the work product of the Union Carbide attorneys, and that Mobil seeks only to take unfair advantage of Union Carbide's know-how and expense incurred in taking the depositions.

It appears from the pleadings that insofar as the depositions in question are concerned, Filtrol made it known to plaintiff Union Carbide before the depositions were started that they were to be taken subject to the protective Orders of the Court, and that Union Carbide accordingly, in conducting its examinations of the Filtrol witnesses, relied upon the fact that the Court's protection under those Orders would extend to Union Carbide as well as to Filtrol. It further appears that plaintiff Union Carbide's attorneys sought and secured the aid of plaintiff's technical expert, Dr. Donald W. Breck, to sit in at most of the depositions in question to actively assist plaintiff's counsel in formulating questions respecting certain aspects of the technology. Dr. Breck, who is represented to be familiar with Union Carbide's research program in the technical field of interest here, namely, information which is considered secret by plaintiff and has been made subject to the protective Orders of this Court, is understood to have attended the depositions and assisted plaintiff's counsel with factual analyses and in the resulting strategy employed by counsel during the depositions. It also appears that plaintiff's attorneys, in questioning defendant's witnesses in other areas during the depositions, relied upon the protective Orders of this Court to shield information classified as business confidential from third parties to the litigation. Union Carbide contends that the depositions taken of Filtrol personnel thus necessarily reflect, in the attorneys' questioning of the Filtrol witnesses, the mental impressions, factual analyses and strategy of plaintiff Union Carbide's counsel, utilizing knowledge gained through Dr. Breck's expertise and technical experience at Union Carbide.

After full consideration of the pleadings, after hearing arguments by Mobil and by the parties hereto, and after full consideration of the points and authorities presented to the Court, the Court now makes its decision that Mobil's motion be denied.

■ Turning first to the jurisdiction question presented, the Mobil cases before Judge Whelan and the instant case before myself are separate cases although filed in the same District Court. Union Carbide has not appeared as a party in the Mobil cases before Judge Whelan. Accordingly, Judge Whelan indicated, when Mobil brought its Rule 34 motion before him, that Union Carbide had no standing to appear in opposition to Mobil's motion. I find the same reasoning applies here, viz. that since Mobil has not appeared as a party in this case I have no jurisdiction to make any Order in favor of Mobil as against Union Carbide.

■■ Under the case law, one not a party to a proceeding cannot, without any disclosed interest in the result thereof, make a motion. Cf. United States Bank v. City of Kendall, 179 F. 914, 916, (D.Kans.1910); Estate of Aveline, 53 Cal. 259, 261 (1878); Bennett v. Wilson, 122 Cal. 509, 514, 55 P. 390, 391 (1898); Difani v. Riverside County Oil Co., 201 Cal. 210, 214, 256 P. 210, 212 (1927); Lavaysse v. Superior Court, 63 Cal.App. 2d 223, 225, 146 P.2d 686, 688 (1944); Marshank v. Superior Court, 180 Cal. App.2d 602, 605, 4 Cal.Rptr. 593, 594, 596 (1960); Chase v. Superior Court, 210 Cal.App.2d 872, 876, 27 Cal.Rptr. 383, 386 (1962); Beshara v. Goldberg, 221 Cal.App.2d 392, 395, 34 Cal.Rptr. 501, 503 (1963). Mobil's counsel has represented to the Court that there is nothing in common between the Mobil and Union Carbide patents involved in the respective suits, and that Mobil has no interest in the outcome of the instant action brought by Union Carbide. Accordingly, since the respective suits are separate and Mobil has not become a party to the instant action, Mobil has no standing to make this motion. Nor do

I have jurisdiction to grant it. I am, moreover, especially mindful that it is at least questionable whether this Court can enforce its jurisdiction or its Orders on a nonappearing party in the event redress of some type should be sought by Union Carbide.

But even assuming that I have the power to order the depositions to be handed over to Mobil under appropriate protective restrictions, and assuming further that Mobil's motion was properly brought under F.R.C.P. Rule 34, which requires the one seeking production of documents to be a party to the action, Mobil has failed to show either relevancy or the necessary good cause to support entry of such an Order.

Before discussing the relevancy and good cause requirements it should be noted that, contrary to Mobil's contentions, Union Carbide as well as Filtrol has a legitimate interest in whether the protective Orders herein governing the Filtrol depositions are modified to include Mobil. All three protective Orders in this case are mutual in application and were entered into for the purpose of affording both parties the means for protecting confidential information. Once depositions have been taken by either plaintiff Union Carbide or defendant Filtrol pursuant to those Orders, both parties are enjoined from disclosure to others, and thus both parties have an interest in whether a stranger to the proceeding should have access to the depositions.

Under F.R.C.P. Rule 34 Mobil has the burden of showing not only relevancy to the issues in the Mobil cases but also that "good cause" exists for entry of an Order. As for the question of relevancy, Mobil's moving papers contain little more than conclusory allegations. Mobil's representations at the hearing that there is nothing in common between the Mobil and Union Carbide patents involved in the respective suits, and its statement that Mobil has no interest in the outcome of the instant action, coupled with the fact that Mobil has

not become a party hereto, effectively negate its arguments of relevancy.

But even if it be assumed that Mobil has made a sufficient showing of relevancy, the "good cause" requirement of Fed.R.Civ.P. 34 is not met by mere relevance to the case. Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Guilford National Bank v. Southern Railway Co., 297 F.2d 921, 923 (4th Cir. 1962). Nor is it enough that documents are in the exclusive possession of the party from whom production is sought where the information is otherwise available. Guilford National Bank v. Southern Railway Co., supra, at 927. The fact that the moving party seeks help to prepare itself to examine the same witnesses, or wants to make sure it has not overlooked something, are also not enough (Alltmont v. United States, 177 F.2d 971, 978 (3rd Cir. 1950).

The moving party must affirmatively show a need to have the requested documents. Where witnesses are fully available to the moving party for depositions the Courts have held that this disproves any such need. See Herrick v. Barber Steamship Lines, Inc., 41 F.R.D. 51, 52 (S.D.N.Y.1966); Tandy & Allen Const. Co. v. Peerless Casualty Co. 20 F.R.D. 223 (S.D.N.Y.1957); Hilton v. Contiship Corporation, 16 F.R.D. 453, 454(S.D.N.Y.1954).

For good cause to be present the moving party must make a showing not only that the documents are relevant, and are in possession of the other party, but that the documents sought are necessary for proof of the case and either cannot readily be obtained in any other way or that obtaining them another way would involve tremendous expense that the moving party should not in fairness be expected to bear.

Mobil has not shown need. The Filtrol witnesses, whose deposition transcripts are sought to be produced by the instant motion, are as available to Mobil for depositions in the Mobil cases as they have been to Union Carbide in this ac-

tion. In fact, Mobil had already taken some four weeks of depositions from some of these same Filtrol witnesses at the time of the hearing on this motion.

On the fairness aspect the Court must of course also consider the equities on the other side of the question, namely, would requiring production of the depositions unfairly permit Mobil to trade on the technical and legal expertise of Union Carbide in taking the depositions? Mobil could as readily obtain the information it wants by the same deposition procedures that Union Carbide used. To give Mobil the depositions would give it the advantage of Union Carbide's time, effort, and expense in taking the depositions. It would also give Mobil access to trade secrets or special knowledge imparted to the depositions by the tactics and strategy of the questioning by Union Carbide's counsel under the aegis and with the assistance of Union Carbide's technical expert. Mobil should not in fairness have the benefit of the ingenuity, the know-how, and the expertise used by Union Carbide to pose questions and elicit answers.

Therefore apart from Mobil's lack of standing in this action, and its failure to establish relevance, I conclude that Mobil has not satisfied the requirement of good cause. Mobil has failed to show any countervailing need to have the depositions it seeks. It would be unfair to Union Carbide under the circumstances to have its technical knowledge and legal skills made available to Mobil.

The two cases primarily relied upon by Mobil in support of its motion, Olympic Refining Co. v. Carter, 332 F. 2d 260 (9th Cir. 1964) and American Securit Company v. Shatterproof Glass Corp., 20 F.R.D. 196 (D.Del.1957), are readily distinguishable since both involved anti-trust issues and there is a specific statute, 15 U.S.C. § 30, which provides for access to depositions in such cases on public policy grounds.

Mobil's motion is accordingly denied without prejudice to being renewed upon an adequate showing of relevance and good cause after Mobil has completed all of its discovery in the Mobil cases and provided Mobil becomes a party to this action.

It is so ordered.