ANDREW PISCATELLI AND AGNES PISCATELLI, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 973-71.    Filed June 16, 1975.

---

*Harold Kamens* and *Sanford Amdur,* for the petitioners.
*William M. Gross,* for the respondent.

OPINION

FORRESTER, *Judge:* The interlocutory issue before us is whether to grant or deny respondent's Motion to Compel Answers to Interrogatories which was filed on November 11, 1974, pursuant to Rule 104(b), Tax Court Rules of Practice and Procedure.[1]

For each of the years involved in this case, 1951 through 1960, the respondent has alleged fraud. On September 23, 1970, respondent made a jeopardy assessment, and he timely mailed notices of deficiencies to petitioners on November 20, 1970. Petitioners timely filed their petition and at that time resided at South Amboy, N.J.

On April 6, 1972, petitioners filed a Motion for Further and Better Answer or to Strike, which was denied by order of this Court on June 19, 1972, after a hearing.

On February 15, 1973, petitioners filed a Motion to Strike the Answer, which was denied on April 30, 1973, by order of this Court issued from the bench at the hearing on the motion.

By letter dated May 28, 1974, respondent corresponded with petitioners' counsel to request cooperation in informal discovery as contemplated by Rule 70(a)(1). Petitioners' counsel, replying by letter dated June 6, 1974, refused to cooperate with respondent on two grounds: (1) Andrew Piscatelli's (Andrew) state of ill health, and (2) petitioners' counsel's belief that discovery cannot be had where respondent has the burden of proof.

On June 11, 1974, respondent properly served interrogatories on petitioners' counsel. On June 21, 1974, petitioners served on respondent a formal statement of objections to respondent's interrogatories and refused to answer any of them on the two grounds previously enunciated in petitioners' counsel's letter dated June 6, 1974. Petitioners have made no other objections.

In accordance with the procedure provided in Rule 71(c) and pursuant to Rule 104(b), respondent filed his Motion to Compel

---

[1] Hereinafter, all references to a Rule are references to the Tax Court Rules of Practice and Procedure, unless otherwise specified.

Answers to Interrogatories on November 11, 1974. A hearing was held on the motion on February 25, 1975.

Petitioners' first contention is that because the respondent bears the burden of proving fraud he cannot discover relevant and nonprivileged information. We can only say that this argument borders on the frivolous. Rule 70(b)[2] outlines the scope of discovery in this Court and specifically provides that the burden of proof in a case shall have no bearing on whether the information or response sought is discoverable. Even where the information or response sought will be inadmissible at trial, if what is being asked for appears reasonably calculated to lead to the discovery of admissible evidence, then it is discoverable. Rule 70(b); see *P. T. & L. Construction Co.*, 63 T.C. 404, 414 (1974). In the instant case, it does appear that the information and responses which respondent seeks are, at the very least, reasonably calculated to lead to the discovery of admissible evidence, and petitioners do not argue otherwise. Neither do petitioners object on grounds of relevancy, privilege, or over-breadth. Compare *Branerton Corp.*, 64 T.C. 191 (1975). Contrary to petitioners' assertion, answering respondent's interrogatories will not shift the burden of proof to them.

Petitioners' second ground for objection consists of the general state of petitioner Andrew's health. We hold that the general state of one's health is no grounds for objection to answering interrogatories. Cf. *Riordan v. Ferguson,* 2 F.R.D. 349 (S.D.N.Y. 1942).

It is not proper merely for a party to object and absolutely refuse to answer propounded interrogatories on the grounds of impaired health. Petitioner's counsel could have, but did not seek a protective order under Rule 103. There exist adequate safeguards under Rule 103 to protect parties from discovery procedures which may potentially aggravate one's ill health or

---

[2] (b) Scope of Discovery: The information or response sought through discovery may concern any matter not privileged and which is relevant to the subject matter involved in the pending case. It is not ground for objection that the information or response sought will be inadmissible at the trial, if that information or response appears reasonably calculated to lead to discovery of admissible evidence, *regardless of the burden of proof involved.* If the information or response sought is otherwise proper, it is not objectionable merely because the information or response involves an opinion or contention that relates to fact or to the application of law to fact. But the Court may order that the information or response sought need not be furnished or made until some designated time or a particular stage has been reached in the case or until a specified step has been taken by a party. [Emphasis supplied.]

which cannot be complied with within the time period prescribed for discovery because of ill health.

This Court does not lack the ability to fashion a protective order which safeguards the rights of both parties. Where health is concerned, upon proper motion and after adequate proof, this Court can extend the time, alter the manner, or prescribe the conditions under which discovery may be had. Rule 103(a) gives us broad latitude to formulate the specific and appropriate remedial relief required by each proper case.

In the instant case, we note that the record shows Andrew's health is generally poor. However, the record also clearly demonstrates that Andrew's health at the time the petitioners filed their objections to respondent's interrogatories was not substantially different from his health at the time the petition was filed.

It is clear that respondent has been at all times willing to cooperate with petitioners and to use judgment allowing for Andrew's poor health. It is petitioners who have flatly refused to cooperate in even informal discovery. Moreover, it appears to us that most of the burden of preparing the information and responses sought by respondent's interrogatories would fall on petitioners' counsel, and that the option provided by Rule 71(e) may be applicable.

We think it most important that petitioners have not moved for a protective order under Rule 103, but have merely refused to answer the interrogatories. This Court will not sua sponte promulgate a protective order, neither will we speculate on whether such is appropriate in this case. On the record before us, we are satisfied that the normal period of time given by Rule 71(c) for answering interrogatories is sufficient for petitioners' needs as presently demonstrated. Therefore, petitioners will have 45 days from the entry of our order to answer the interrogatories.

*An appropriate order will be issued.*