VINCENT MORRIS AND BARBARA MORRIS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8664-73.    Filed November 11, 1975.

*Herbert L. Zuckerman,* for the petitioners.
*Kenneth G. Gordon,* for the respondent.

FORRESTER, *Judge:* The interlocutory issue before us is whether to grant or deny petitioners' Motion for Production of Documents Pursuant to Rule 72.[1] The parties are in agreement as to all pertinent facts.

Petitioner Vincent Morris (Morris) was indicted, tried for, and acquitted of income tax evasion for each of the years involved in the instant case, 1966, 1967, and 1968. Respondent has determined deficiencies in income tax and additions to tax for fraud for each of those years.

---

[1] All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise specified.

In the course of investigating petitioners' tax returns for the years involved, respondent's agents interviewed several third-party individuals who gave certain written statements which were used to prepare both the criminal tax evasion case against Morris and the statutory notice of deficiency in the instant case. The statements and memoranda of interviews (hereinafter documents) sought here by petitioners were made available to Morris' defense attorneys for use solely during the course of the criminal trial pursuant to the Jencks Act, 18 U.S.C. sec. 3500. These documents have not been presented to us for in camera inspection, however, petitioners have represented to us (without challenge by respondent) that the documents sought have evidentiary value of an impeaching nature.

On June 9, 1975, petitioners mailed to respondent an informal request for production of the documents. On July 2, 1975, respondent replied objecting to production of the documents because "the requested material is not within the purview of the discovery procedures of the Tax Court's Rules of Practice and Procedure," but did provide petitioners with the addresses of the named witnesses whose statements petitioners sought to discover. On July 18, 1975, petitioners filed a Motion for Production of Documents Pursuant to Rule 72.[2] On August 12, 1975, respondent filed his objections to petitioners' motion.

Respondent does not object to production of the requested documents on grounds of privilege or relevance. He argues that Rule 72 requires petitioners to demonstrate good cause for production of the third-party witnesses' statements and objects to their production on the grounds that petitioners have made no showing of good cause. His position is that under Rule 72 petitioners must show at least that the witnesses are unavailable to be interviewed.

Rule 72 is derived from rule 34, Federal Rules of Civil Procedure (FRCP), as amended in 1970. Note to Rule 72(a), 60 T.C. 1102. Although prior to 1970 rule 34, FRCP, required a

---

[2] RULE 72. PRODUCTION OF DOCUMENTS AND THINGS

(a) Scope: Any party may, without leave of Court, serve on any other party a request to:

(1) Produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the responding party through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things, to the extent that any of the foregoing items are in the possession, custody or control of the party on whom the request is served * * *

party to show good cause as a prerequisite to production of documents, this requirement was eliminated by the 1970 revision. Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules, Note to rule 34, 48 F.R.D. 487, 526, and Note to rule 26(b)(3), 48 F.R.D. 499. Like rule 34, FRCP, our Rule 72 does not require any showing of good cause as a prerequisite to production of documents. As long as the documents sought are not privileged and are relevant to the subject matter of the pending case, production of the documents will be had. *P.T. & L. Construction Co.,* 63 T.C. 404 (1974).

Respondent relies on *Herrick v. Barber Steamship Lines, Inc.,* 41 F.R.D. 51 (S.D.N.Y. 1966); *Tandy & Allen Const. Co. v. Peerless Casualty Co.,* 20 F.R.D. 223 (S.D.N.Y. 1957); and *Alltmont v. United States,* 177 F. 2d 971 (3d Cir. 1949), for the proposition that a good-cause showing is prerequisite to the production of third-party witnesses' statements. Respondent's reliance is grievously misplaced for the simple reason that the rule 34, FRCP, being construed by those cases is not rule 34, FRCP, as amended in 1970, from which our Rule 72 is derived.[3]

Respondent has neither argued nor presented any evidence to support a claim of immunity from production of the documents under the work-product doctrine. Generally, such material is outside the scope of discovery under our rules. Note to Rule 70(b), 60 T.C. 1098. In any event, it seems to us that the documents sought by petitioners in the instant case are similar to the third-party statement which we held to be discoverable in *P.T. & L. Construction Co., supra* at 412.[4]

---

[3] Petitioners have argued that rule 613(a), Federal Rules of Evidence, compels production of the witnesses' statements. Regardless of its applicability at trial, and we say nothing here about petitioner's proposed construction of this rule of evidence, the Federal Rules of Evidence govern the proceedings of this Court, not its pretrial discovery procedures. Rules 101, 1101, Federal Rules of Evidence; sec. 7453, I.R.C. 1954.

[4] See our discussion of the work-product doctrine, 63 T.C. at 407. Petitioners here claim the statements sought have evidentiary value of an impeaching nature. We note the following language in *Hickman v. Taylor,* 329 U.S. 495, 511 (1947):

"Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of *impeachment or corroboration.* * * * [Emphasis supplied.]"

Nevertheless, discovery in this Court is intended to be more limited than discovery under the Federal Rules of Civil Procedure; for instance, there is generally no deposition taking in our pretrial discovery. For this reason also, we have no provision comparable to rule

Respondent also argues that petitioner's request is premature and should more properly be made at trial. Rule 103 gives us the discretion to postpone the production of the documents, *Andrew Piscatelli,* 64 T.C. 424 (1975), but respondent has not shown us any reason why the request is premature. What we stated in *P.T. & L. Construction Co.* (63 T.C. at 413) is equally applicable here:

The main reason for discovery in the first place is to bring the evidence out into the light of day before the trial starts. This is considered to outweigh the consideration that surprise evidence that has been kept in the dark may be brought out at trial to produce a conflict and thereby cast doubt on the credibility of a witness.

Because the documents sought by petitioners are matters not privileged and are relevant to the subject matter of the instant case, petitioners' motion will be granted. At the hearing on this motion the parties agreed that each understood the exact documents which petitioners sought; they are therefore ordered to submit an agreed form of order on or before November 21, 1975.

*An appropriate order will be entered.*

---

26(b)(3), FRCP, specifically setting forth procedures under which work product may be discoverable. Note to Rule 70(b), 60 T.C. 1098; see, 4 Moore, Federal Practice, par. 26.64 (2d ed. 1974). However, this is an inappropriate case to decide the scope of discovery relating to impeaching material because respondent has not objected on this ground to the production of the documents, and they are otherwise discoverable. Compare Note to Rule 70(b), 60 T.C. 1098, with *United States v. Nobles,* 422 U.S. 225, 242 (1975) (White, *J.,* concurring), and cases cited therein at n. 11; see also *McDougall v. Dunn,* 468 F. 2d 468, 475 (4th Cir. 1972); see *State of Connecticut v. General Motors Corp.,* 1974-2 Trade Cas. par. 75,138 (N.D. Ill. 1974).